DEBORAH M. SMITH
Acting United States Attorney

RETTA-RAE RANDALL
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: rettarae.randall@usdoj.gov


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:03-cr-0078-JKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S ANSWERING** |
| vs. | ) | **BRIEF RE:** |
| | ) | **ISSUE OF RESTITUTION** |
| RONALD LEE PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Defendant Ronald Lee Phillips ("Phillips") proposes that the court set any value

it wishes for the buses so long as such amount results in no restitution due and owning

by him.  Besides his own testimony, Phillips presented no testimony relevant to the

fair market value of the actual 28 buses in question.  His expert, Mr. Belanger,

1

admitted that the photos of a bus upon which he based his appraisal were not of any of the 28 buses and did not reflect the condition of the original buses. Dkt. 92 at 2-67, 2-74.

Phillips is even expecting credit toward his restitution for the fair market value of buses for which he failed to obtain titles or those damaged in transit for which he failed to pursue the insurance claims. Three of the 1980 MCI MC-5C's (Serial nos. 14108, 14109, and 14028) had been received with no titles and could not be sold. Dkt. 91 at 16. Weatherington tried to get duplicate titles from NIMCO, but he was not the owner and it was proving too difficult. Id. at 47, 86, 106. The VA also could not get duplicate titles because it was not the owner; the State of Connecticut would not deal with a non-owner. Dkt. 92 at 2-24. Phillips did not want to be bothered with obtaining the titles. Because the three buses could not be sold without the titles, Phillips should get $0 market value for these three buses.

The 1989 T809 Vanhool, serial no. 15867, was totaled in shipping and also worth $0. Dkt. 91 at 22, 73, 85. This vehicle was damaged prior to September 18, 2002, yet Phillips did not take the responsibility of filing an insurance claim. Id. at 35, 36; Dkt. 92 at 2-14, 15. Weatherington tried to get the insurance company to pay, but he could not get any results because the bus was not his, and Phillips would not deal with the issue. Dkt. 91 at 71-72, 73-74, 85, 102-103, 106. The VA tried to

**U.S. v. Phillips**                                                                 **3:03-cr-0078-JKS**

pursue that insurance claim, but by then too much time had passed. Id. at 101-102, 103; Dkt. 92 at 2-14, 15.   Phillips should get $0 market value for this bus.

The 1986 809 Vanhool, serial no. 15813, was also damaged in shipping.   If Phillips had pursued that insurance claim, the damage to the roof could have been repaired and the bus would have had more value.  Dkt. 91 at 46.

Mr. Belanger, Phillips' expert, never saw the buses and received no description of them from Phillips.  The only thing he had was the actual model and year of the buses that were purchased.  Dkt. 92 at 2-73-74.  He made his evaluation of fair market value based on Exhibit P, a photograph of a bus not involved in the case.  At the time that he wrote his report, he did not know that the bus depicted in Exhibit P was not the condition of the buses involved in this case.  Id. at 2-74-75.  Through no fault of his own, Mr. Belanger has little to contribute when assessing the fair market value of the 28 buses fraudulently obtained by Phillips.

Both Russell Vandersnick and Dan Weatherington, who eventually viewed and worked to sell the buses, were generous in their fair market value estimates of the buses, many of which could be labeled junk.  The strike price agreement was an ideal, agreed to by Vandersnick before he viewed the buses, as the agreement states. Attachment A to Exhibit 1, Government's Opening Brief.   This list contained the ideal prices the parties hoped to obtain; the reality was different once the poor

**U.S. v. Phillips**                                                                                          **3:03-cr-0078-JKS**

condition of the buses was seen.  The fair market value estimates set forth by Vandersnick and Weatherington is Exhibits 2A and 3A to the Government's Opening Brief represent reasonable, if not generous, fair market value assessments by individuals who have nothing to gain from their testimony.  With Phillips having no credibility, and Belanger having no accurate information upon which to base his estimates, the values of Vandersnick and Weatherington should be relied upon by the court.

RESPECTFULLY SUBMITTED this 13th day of March, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

 s/ Retta-Rae Randall
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: rettarae.randall@usdoj.gov

I hereby certify that on March 13, 2006, a copy of the foregoing was served electronically on Meredith A. Ahearn.

s/Retta-Rae Randall

**U.S. v. Phillips**                                                    **3:03-cr-0078-JKS**