# United States District Court
for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Ronald Lee Phillips                    Case Number:3:03-cr-0078 JKS

Sentencing Judicial Officer:        James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:          November 13, 2003

Original Offense:                   Conspiracy, Wire Fraud

Original Sentence:                  18 months imprisonment, 3 years supervised release, $358,809.03
                                    restitution (later reduced to $247,275.57.

Date Supervision Commenced:    April 14, 2005

Asst. U.S. Attorney: TBD                         Defense Attorney: Mike Dieni (Meridith A.
                                                 Ahearn on appeal)

---

## PETITIONING THE COURT

[ ]      To issue a warrant
[X]      To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Standard Condition of Supervision 3, "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer," in that the offender has failed to pay the special assessment in this case as instructed by the probation officer.   This violation is a Grade C violation. |

*Petition for Warrant or Summons*
*Name of Offender*        :       *Ronald Lee Phillips*
*Case Number*            :       *3:03-cr-0078 JKS*

U.S. Probation Officer Recommendation:

The term of supervised release should be:

[   ]     Revoked
[   ]     Extended for _____ year(s), for a total term of _____ years.

[ X ]    The conditions of supervised release should be modified as follows:

"The defendant shall apply for the Alaska Permanent Fund Dividend every year he is eligible and shall assign those funds to the criminal monetary penalties ordered in the judgment in this case."

Respectfully submitted,

**REDACTED SIGNATURE**

Eric D. Odegard
U.S. Probation/Pretrial Services Officer
Date: March 14, 2007

## THE COURT ORDERS

[   ]     *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[X]     The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[   ]     Other:

/s/ James K. Singleton, Jr.

James K. Singleton
Senior U.S. District Court Judge

March 21, 2007

Date

-2-

*Petition for Warrant or Summons*
*Name of Offender          :          Ronald Lee Phillips*
*Case Number               :          3:03-cr-0078 JKS*

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge.  Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court

for the

# DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case Number: 3:03-cr-0078 JKS |
| | ) | |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| | ) | |
| | ) | |
| Ronald Lee Phillips | ) | |

I, Eric Odegard, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release  for Ronald Lee Phillips, and in that capacity declare as follows:

On November 13, 2003, the offender was sentenced to 18 months incarceration, three years supervised release, a $200 special assessment and restitution to the U.S. Veteran's Administration (VA) in the amount of $358,809.03 and a special assessment of $200.  On December 22, 2003, the Court issued an Amended Judgment.  On June 1, 2006, as the result of an appeal, the Court issued a 2nd Amended Judgment, which was the same as earlier judgments in all respects but reduced the restitution to $247,275.57.

The offender, now age 65, commenced supervision on April 15, 2005.  While in the custody of the Bureau of Prisons, he paid $25 of the special assessment, and had a balance of $175 when supervision began.   On July 27, 2006, the offender was sent a letter from the probation officer indicating that he still owed the special assessment amount and that payment was due by August 31, 2006.  A payment coupon was enclosed for the offender's use but no payment was received.

On August 11, 2006 the probation officer spoke to the offender, whose monthly income is presently $893 ($308 in Adult Public Assistance, $585 in Social Security Retirement, plus $10 in food stamps)  and after the offender advised that he would not be able to meet the deadline, proposed a payment schedule of $20 per month, which the offender agreed to meet when he could.  More payment coupons were provided to the offender.  The offender has never made any monthly payments.   On September 7, 2006, the probation officer spoke to the offender and again requested that he begin making payments on his special assessment.

On September 25, 2006, the offender declared bankruptcy in case A06-00364 DMD.   In the Summary of Schedules, the offender lists assets valued at $13,270, liabilities amounting to $273,555, and income of $955 per month.   In the bankruptcy Schedule B (Personal property), the offender lists a 1976 Coachman Motorhome, valued at $5,000, as an asset and his "domicile."  In Schedule E (Creditors Holding Unsecured Priority Claims), he indicates  "Taxes and Certain

Other Debts Owed to Governmental Units," at $250,000, and again in Schedule F (Creditors Holding Unsecured Non Priority Claims) he indicates "VA Criminal Fine" at $250,000.

On October 4, 2006, the probation officer spoke to the offender about making a payment on his special assessment. The offender claimed that he could not afford to make any payments. On November 7, 2006, the offender left a voice mail message with the probation officer indicating that he would be able to pay his special assessment at the end of the month as he would have some extra money. The offender did not make any payments in November 2006.

On December 11, 2006, the probation officer met with the offender and discussed the non-payment of the special assessment. The probation officer agreed to non-oppose early termination of supervision for the offender if the assessment was paid and based on the fact that the offender had otherwise been in compliance with supervision, had committed no new law violations, had submitted to DNA sampling, had submitted his monthly reports, had allowed the probation officer to do home visits, had complied with the condition for mental health treatment, and was applying $112 per month to his restitution via a VA garnishment of a VA disability benefit (which will continue whether or not the offender is on supervision).

Finally, on February 6, 2007, the probation officer sent the defendant an Alaska Permanent Fund Dividend Assignment of Rights form to be signed, which would apply $175 of the 2007 dividend to be applied to the special assessment. The probation officer's instructions gave the offender until February 28, 2007 to return the signed form. The offender missed this deadline. On March 6, 2007, the offender indicated that he was still considering signing the form but would submit a letter to the probation officer "promising" to pay the special assessment and stated that the Court had been "capricious" with him in the past and he didn't want to give up the money without an assurance that his case would be terminated. The probation officer explained that although he could make a recommendation or non-oppose a motion to terminate his case, the Court alone would make the decision. The offender also confirmed that he would soon be forced to leave the residence he was currently in and would be living in the 1976 Coachman Motorhome, which appeared in his bankruptcy petition. He advised that his housemate had purchased the motorhome and he was buying it from her at the rate of $100 per month, which would increase to $500 per month after he left her residence and was living in the motorhome.

At this point the probation officer has been unable to collect the special assessment in this case from the defendant, who is "retired" and has very little income. On the other hand it appears the defendant, over a period of almost two years on supervised release, has made no effort to voluntarily comply with the Court's judgment in that respect and has disregarded the probation officer's instructions on more than one occasion regarding payment of the special assessment and specifically the assignment of his Alaska Permanent Fund Dividend.

On March 8, 2007, the probation officer filed a Report with the Court, informing the Court of the offender's non-payment of the special assessment, and on March 14, 2007, the Court instructed the probation officer to file a Petition for Summons.

Executed this 14th Day of March 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE
_____
Eric Odegard
U.S. Probation Officer