

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>RONALD LEE PHILLIPS,<br><br>Defendant - Appellant. | No. 06-30393<br><br>D.C. No. CR-03-00078-A-JKS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, Chief District Judge, Presiding

Submitted August 6, 2007**
Anchorage, Alaska

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

Phillips appeals from the district court's amended judgment requiring that he make restitution to the Department of Veterans Affairs (VA) in the amount of $247,275.57. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We review the district court's restitution order for an abuse of discretion. *United States v. Lomow*, 266 F.3d 1013, 1020 (9th Cir. 2001). The district court's valuation methodology is reviewed de novo while its underlying factual findings are reviewed for clear error. *Id.*

The district court did not clearly err by crediting Vandersnick's and Wetherington's testimony. That testimony was "plausible in light of the record viewed in its entirety." *United States v. Gust*, 405 F.3d 797, 799 (9th Cir. 2005) (quotations and citation omitted). The district court also did not clearly err by finding that certain buses had no value as of September 18, 2002. *See United States v. Welp*, 469 F.2d 688, 688 (9th Cir. 1972) (holding that "[a] definite and firm conviction that a mistake was committed below is a prerequisite to appellate reversal" of a district court's finding of fact (internal quotations and citation omitted)). Phillips also fails to show that the district court clearly erred by giving "little weight" to testimony concerning whether certain buses could have been sold for parts or improved. In the absence of contrary evidence, the letter attached to the strike-price contract is sufficient to support the district court's finding that Wetherington served as Phillips's agent at the time the strike-price contract was entered.

Finally, the district court could have inferred that Phillips overpaid for the buses from the testimony of the government's expert witnesses as well as Phillips's own testimony that he purchased the buses in "a last and desperate and arguably foolish attempt to achieve lifetime success."

Because Phillips's challenges to the district court's findings all fail, we hold that the district court did not abuse its discretion by requiring in its judgment that Phillips make restitution in the amount of $247,275.57.

**AFFIRMED.**

A TRUE COPY
ATTEST  9/13/07
CATHY A. CATTERSON
Cl
Signature Redacted
by
Deputy Clerk

INTERNAL USE ONLY: Proceedings include all events.
06-30393 USA v. Phillips

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | Retta Rae Randall, Esq.<br>FAX 907/271-1500<br>907/271-5071<br>[COR LD NTC aus]<br>U.S. ATTORNEY<br>Asst. U.S. Attorney<br>222 West 7th Ave., #9<br>Anchorage, AK 99513<br><br>Jo Ann Farrington, Esq.<br>FAX 907/271-1500<br>907/271-5071<br>Rm. 253<br>[NTC gov]<br>USAK - OFFICE OF THE U.S.<br>ATTORNEY<br>Federal Bldg. & U.S. Courthouse<br>222 W. Seventh Ave.<br>Anchorage, AK 99513-7567 |
| v. | |
| RONALD LEE PHILLIPS<br>    Defendant - Appellant | Meredith Appel Ahearn, Esq.<br>FAX 907/276-8732<br>907/276-5294<br>Ste. 400<br>[COR LD NTC cja]<br>HAGANS AHEARN & WEBB<br>310 K St.<br>Anchorage, AK 99501 |