UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>RONALD LEE PHILLIPS,<br><br>　　　　　Defendant. | 3:03-cr-00078-JKS-JDR<br><br>RECOMMENDATION ON MOTION<br>FOR PARTIAL REFUND OF<br>PERMANENT FUND DIVIDEND<br>(Doc. 146) |

Defendant Ronald Lee Phillips moves for an order directing the government to refund the amount of his 2006 Alaska Permanent Fund Dividend in excess of $175. Doc. 146. The motion is opposed by the government. Doc. 147. By order entered January 2, 1008, this matter has been referred to the U.S. Magistrate Judge for a report and recommendation. Doc. 148. An evidentiary hearing was conducted on the motion on January 8, 2008. Upon due consideration of the evidence adduced and arguments of counsel, the magistrate judge recommends that the defendant's motion be granted for reasons stated below.

**Findings of Fact**

Ronald Lee Phillips was sentenced on November 13, 2003, by the Honorable James K. Singleton for the offenses of conspiracy and wire fraud. The sentence included eighteen months' imprisonment, followed by three years of supervised release, plus restitution and a special assessment of $200. Supervision began April 14, 2005.

U.S. Probation Officer, Eric Odegard, was assigned to supervise Mr. Phillips. While in the custody of the U.S. Bureau of Prison, Phillips paid $25 of the special assessment, leaving a balance due of $175 when supervision began. Throughout supervision, Probation Officer Odegard met with Phillips a number of times to discuss the non-payment of the outstanding special assessment.

On February 6, 2007, Officer Odegard sent Phillips an Alaska Permanent Fund Dividend assignment-of-rights form which would apply $175 of the 2006 dividend toward the outstanding special assessment. Exh. 1 to the evidentiary hearing. Officer Odegard sent Phillips an assignment-of-rights form with instructions to return it no later than February 28, 2007. Doc. 131, p. 5. When Mr. Odegard did not receive the assignment form by February 28, he petitioned the U.S. District Court for a summons and recommended modification of terms of supervised release to include annual automatic garnishment of the defendant's PFD.

On March 14, 2007, Phillips still had not returned the assignment-of-rights form to Officer Odegard. The probation officer that day signed a Declaration in Support of a Petition to Revoke Supervised Release, alleging that Phillips had violated the standard condition of supervision No. 3, "the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer," in that Phillips had failed to pay the special assessment as instructed by the probation officer. See, Petition at Doc. 131.[1] On March 21, 1007, Judge Singleton ordered that a summons be issued for the petition for supervised release. Before the summons was served on Mr. Phillips, he signed and dated the 2006 dividend assignment-of-rights form on March 22, 2007, and it was submitted that date to Mr. Odegard.

On April 12, 2007, the United States requested a writ of execution on Phillips' PFD check to apply toward the outstanding judgment. Doc. 134. The writ was issued by minute order dated April 13, 2007. On April 27, 2007, the United States moved to dismiss the Petition to Revoke in light of the fact that Phillips had applied for the PFD and submitted the assignment of rights form.

---

[1] The Declaration refers to the 2007 dividend which the magistrate judge construes to be a typographical error, since the dividend at issue is for the year 2006.

The writ of execution for the full PFD check was returned on November 20, 2007. Doc. 145. On November 26, 2007, Phillips filed the pending motion requesting a partial refund.

Phillips argues that he is entitled to the balance of his 2006 PFD check because the government agreed that if he signed the assignment of rights form, only $175 would be taken from that check. The government argues that there was no valid agreement with Phillips that the government would not seek his entire Permanent Fund check to apply toward outstanding restitution. The government argues that it never agreed not to seek money through garnishment of Phillips' income to satisfy the outstanding restitution. That argument is beside the point. The issue is whether the government agreed that if Phillips voluntarily assigned $175 of his Alaska Permanent Fund Dividend, the government would not seek the entire PFD for that year.

The assignment form used by Officer Odegard contains a block to show the amount to be assigned. The form states that if the full amount is to be assigned, that may be indicated by writing "100%." The form was filled in by Officer Odegard showing $175. A plain reading of the form infers that the full amount was not sought by the assignment. Mr. Odegard signed the form as a witness to Mr. Phillips' signature. At no time did the probation officer inform Mr. Phillips that the

government intended to seek the full amount of his permanent fund check, even if he endorsed the assignment.

The Declaration in Support of the Petition to Revoke Supervised Release signed by Officer Odegard on March 14, 2007, states that the probation officer agreed to non-oppose early termination of supervision for the offender if the assessment was paid. *See*, p. 2 of the Declaration in Support of the Petition. The Declaration was not a contract, nor was it signed by Mr. Phillips. The Declaration suggests that Officer Odegard met with Mr. Phillips on December 11, 2006, to discuss the non-payment of the special assessment; and on that date, the probation officer agreed to non-oppose early termination of supervision if the assessment were paid. Nothing in the Declaration refers to any discussion with Mr. Phillips regarding the government's interest in the balance of his 2006 dividend check. There is no evidence that when the assignment-of-rights form was signed by both Mr. Phillips and Officer Odegard on March 22, 2007, they discussed the government's intent to pursue the balance of the 2006 dividend.

I conclude from a fair reading of the assignment-of-rights form that the government contracted with Phillips to obtain an assignment in the amount of $175 in exchange for the government foregoing any further assignment of that check. There is no other "*quid pro quo*" suggested in exchange for Mr. Phillips' assignment. The government has a duty to be candid and forthright in its dealings with citizens.

If the government had other intentions, it should have made those known to Phillips prior to soliciting his voluntary assignment. Granted that Mr. Phillips was late in providing the government with the requested assignment, but he also lost the opportunity for government support of his early termination of supervision.

The file reflects that $1,652 has been deposited into the court's registry on November 20, 2007. Mr. Phillips seeks release of that amount, less $175 which he has agreed to pay to the government in this case. I recommend that the court direct that $175 of that deposit be credited to the outstanding debt owed by Mr. Phillips pursuant to his conviction, and that the clerk disperse to Mr. Phillips a check in the amount of $1,477 ($1,652 less $175).

Because special assessments are ordinarily paid before restitution, it is likely that the special assessment has been satisfied, for example, by an offset from Mr. Phillips' VA benefit. That should not affect the disbursement of 2006 PFD, and the government can credit Phillips with the $175 toward his outstanding judgment debt if the accounting shows that the $200 special assessment has now been paid. This ruling will not affect the respective parties' claims upon any future PFD to which Mr. Phillips may be entitled. Nor does it affect the government's

ability to garnish or attach any annual Permanent Fund Dividend payable to Phillips after the 2006 dividend.[2]

DATED this   Eleventh   day of January, 2008, at Anchorage, Alaska.


  /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, January 28, 2008**. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **February 1, 2008**. The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

---

[2] See, AS 43.23.065 addressing exemption of, and levy on, permanent fund dividends.

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).