NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West 7th Avenue, # 9, Room 253
Anchorage, AK  99513-7567
Phone: (907) 271-5071
Fax:     (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      vs.<br><br>RONALD LEE PHILLIPS,<br><br>             Defendant. | Case No.  3:03-CR-00078-JKS-JDR<br><br>**OBJECTION TO RECOMMENDATION ON MOTION FOR PARTIAL REFUND OF PERMANENT FUND DIVIDEND** |

Plaintiff, the United States of America, objects to recommendation that $1,477.00 of the Defendant's 2007 Alaska Permanent Fund Dividend be refunded to him.

Defendant was sentenced on November 13, 2003, to pay $247,275.57 restitution and a $200.00 special assessment.  Until early 2007, Defendant had paid a total of $25.00, and that was collected from the Defendant by the Bureau of Prisons.  The current balance that Defendant owes is $287,529.80, with interest accruing at a rate of $33.90 a day.

The Magistrate Judge concluded that "the government contracted with Phillips to obtain

an assignment in the amount of $175 in exchange for the government foregoing any further assignment of that check." Docket 153 at 5. The Magistrate Judge does not take into account the circumstances in which the Defendant was given the assignment form. The "contract" that the Magistrate Judge has interpreted – the Assignment of Rights form – was given to the Defendant on February 6, 2007 with instructions to return no later than February 28, 2007. He did not return the assignment by the deadline. The agreement between the Probation Officer and the Defendant was that if the assignment was returned so that the Defendant's special assessment was paid, the Probation Officer would not oppose his early termination of supervision. But, the Defendant did not keep his part of the bargain. Only after a Petition to Revoke Supervised Release was filed, and the Summons issued, did Phillips sign and return the assignment form. The context clearly demonstrates that signing the assignment was an act of contrition to avoid revocation of supervision, not fulfillment of a contract.

It is uncontested that there was never an affirmative representation by anybody in the government that no further efforts at enforcing the judgment against the Defendant would be taken if the Defendant assigned $175 of his Alaska Permanent Fund dividend. It is uncontested that there was never an affirmative representation by anybody in the government, or an explicit agreement by anybody in the government, that if the Defendant assigned a fraction of his dividend, he could keep the rest. If there was some statement to that effect, the government would stand by it, unhappy as it would otherwise be. However, there was no such statement or representation. The Magistrate Judge has inferred this from the fact that the Probation Officer filled in the $175 figure on the assignment form.

It is well established contract law that a party can't unilaterally change the terms of a

contract; it must obtain the other party's consent before doing so. *Union Pac. R.R. v. Chi., Milwaukee, St. Paul & Pac. R.R.,* 549 F.2d 114, 118 (9th Cir.1976). This is because a revised contract is merely an offer and does not bind the parties until it is accepted. *Matanuska Val Farmers Cooperating Ass'n v. Monaghan*, 188 F.2d 906, 909 (9th Cir.1951). And generally "an offeree cannot actually assent to an offer unless he knows of its existence." 1 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 4:13, at 365 (4th ed.1990); *see also Trimble v. N.Y. Life Ins. Co.,* 234 A.D. 427, 255 N.Y.S. 292, 297 (1932) ("An offer may not be accepted until it is made and brought to the attention of the one accepting."). In fact, in a recent case, the Ninth Circuit held that it was error to bind a party by the terms of the revised contract when that party was not notified of the changes. *Douglas v. U.S. Dist. Court for Cent. Dist. of California*, 495 F.3d 1062, 1067 (9th Cir.2007).

The original agreement between the government and the defendant was for him to pay his special assessment by assigning part of his dividend in exchange for earlier release from supervision. Defendant did not keep his end of the bargain. What rightfully can be inferred from the Probation Officer's acceptance of the signed assignment form was an agreement not to further seek revocation of probation - a very different deal. At no time was there an agreement – an implied contract – that the government would not seek to enforce the restitution judgment.

Defendant's representation of his financial condition naturally evokes some sympathy; his is income limited to social security and disability payments. The VA, as the victim of his crimes, withholds his VA payments to offset the restitution debt, but that only amounts to $115 per month. Interest on the restitution debt accrues at $1,017.00 per month. Yet, whatever financial straights that the Defendant might legitimately be in, his unremitting recalcitrance towards

making any type of good faith, voluntary attempt towards partial satisfaction of his financial debt forfeits any sympathy one might have. Unintentionally, the Magistrate Judge's recommendation has the effect of punishing the restitution victim and rewarding the Defendant's intransigent lack of cooperation.

Thus, the government objects to the recommendation.

RESPECTFULLY SUBMITTED this 25th day of January, 2008, at Anchorage, Alaska.

>NELSON P. COHEN
>UNITED STATES ATTORNEY
>
>s/Richard L. Pomeroy
>RICHARD L. POMEROY
>Assistant U.S. Attorney
>222 West 7th Avenue # 9, Room 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-5071
>Fax: (907) 271-2344
>E-mail: richard.pomeroy@usdoj.gov
>Alaska Bar No. 8906031

```
I declare under penalty of perjury that a
true and correct copy of the foregoing
Objection to Recommendation was sent
electronically to Meredith Ahearn on
January 25, 2008.

s/Richard L. Pomeroy
```