IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>RONALD LEE PHILLIPS,<br><br>    Defendant. | Case No. 3:03-cr-00078 (JKS)<br><br>O R D E R |

  Defendant has sought an order directing the Government to partially refund his garnished 2007 Alaska Permanent Fund Dividend ("PFD"). Essentially, Defendant argues the Government agreed to refrain from taking his entire PFD if he assigned $175 of it to satisfy the balance of a $200 assessment he owed pursuant to his sentence in this case. The motion was referred to a United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge held and evidentiary hearing on January 8, 2008, and issued a report recommending that Defendant's motion be granted. Docket Nos. 146 (Mot.); 147 (Gov't Opp'n); 153 (Initial F&R). The Government filed objections and the magistrate judge issued a final recommendation, which declined to modify the earlier recommendation. Docket Nos. 155 (Gov't Objections); 156 (Final Recommendation).

  This Court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the motions on the applicable law. *See Orand v. United States*,

602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo.  *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Defendant argues essentially that the Government, through Mr. Odegard, had agreed to refrain from garnishing the entire 2007 PFD in return for an assignment of $175.  The Government argues there was no valid agreement.  The magistrate judge concluded:

> that the government contracted with Phillips to obtain an assignment in the amount of $175 in exchange for the government foregoing any further assignment of that check.  There is no other "quid pro quo" suggested in exchange for Mr. Phillips' assignment.  The government has a duty to be candid and forthright in its dealings with citizens.  If the government had other intentions, it should have made those known to Phillips prior to soliciting his voluntary assignment.  Granted that Mr. Phillips was late in providing the government with the request assignment, but he also lost the opportunity for government support of his early termination of supervision.

Docket No. 153 at 5-6.

The Government objects to the magistrate judge's finding that a contract was formed by the exchange between Defendant and Mr. Odegard.  Docket No. 155.  Contrary to the magistrate judge's finding, the Government argues that the only promise that can be inferred from the circumstances was a promise not to seek revocation of probation.  *Id*. at 3.  As Defendant returned the assignment-of-rights form to Mr. Odegard prior to being served with the summons notifying him of the revocation action, this Court agrees with the magistrate judge that no other "quid pro quo" was suggested by the exchange.  In seeking a voluntary assignment of a portion of the PFD, the Government clearly implied that it would not be taking the whole.  Given the Government's obligation to be candid and forthright in its dealings, the Government should have made its ulterior plan known at the time it requested the assignment of rights.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations filed January 11, 2008, are adopted in full;

2. Defendant's motion for release of funds at **Docket No. 146** is **GRANTED**;

ORDER

2

3.  From the attached PFD funds, $175.00 shall go to paying off the special assessment, or if that has already been satisfied, the debt owed by Mr. Phillips pursuant to his conviction. The Government shall submit a proposed order for release of these funds.

4.  From the balance of the attached PFD funds, $1,447.00 shall be released from the Registry by the Clerk of Court by check made payable to Hagans, Ahearn & Webb in trust for Defendant Ronald Phillips, 310 K Street, Suite 400, Anchorage, AK 99503.

Dated this the 5th day of February 2008.

                                            /s/ James K. Singleton, Jr.
                                            **JAMES K. SINGLETON, JR.**