PROB 12C
(7/93)

# United States District Court

### for the

# District of Alaska

RECEIVED

MAR 1 1 2008

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

### AMENDED Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Ronald Lee Phillips          Case Number: 3:03-cr-00078-01 JKS

Sentencing Judicial Officer:     James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:      November 13, 2003

Original Offense:                Conspiracy, Wire Fraud

Original Sentence:               18 months imprisonment, 3 years supervised release, $358,809.03
                                 restitution to U.S. Veterans Administration reduced to $247,275.57
                                 via amended Judgment

Date Supervision Commenced:     April 15, 2005

Asst. U.S. Attorney: Retta Randall                    Defense Attorney: Meredith Ahern

---

## PETITIONING THE COURT

[ ]    To issue a warrant
[X]    To issue a summons (summons previously issued on February 5, 2008)

The probation officer believes that the offender has violated the following condition(s) of supervised
release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Special Condition of Supervision "The defendant shall provide the probation officer access to any requested financial information and shall not incur any new debts or apply for credit without the prior approval of the probation officer," during the period of supervision, the offender obtained a loan thereby incurring debt without the prior approval of the probation officer. This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition number 3, "The defendant shall answer truthfully all inquiries by the probation officer and shall follow the instructions of the probation officer, " in that on January 8, 2008, the defendant was given an instruction to provide to the probation officer copies of documentation for the income and expenses of Alaska Bus Guy in 2007, a copy of a loan agreement between he and Meri Elyn Arnout, and a list of the items in storage at Lybergers, no later than February 1, 2008; however, the offender did not follow this instruction and as of February 1, 2008 had not provided the requested financial information and materials submitted on February 8 and February 14, 2008, were incomplete. This violation is a Grade C violation. |

*Petition for Warrant or Summons*

| | | |
|---|---|---|
| *Name of Offender* | : | *Ronald Lee Phillips* |
| *Case Number* | : | *3:03-cr-00078-01 JKS* |

3      The defendant has violated the Standard Condition number 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month, " in that in November 2006, the offender filed a monthly supervision report for October 2006 with the probation officer but failed to list an expenditure of over $500 (i.e. a $1,275 rental payment at CJL RV Storage) which he had incurred in October 2006. This violation is a Grade C violation.

4      The defendant has violated the Standard Condition number 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month, " in that in December 2006, the offender filed a monthly supervision report for November 2006 with the probation officer but failed to list an expenditure of over $500 (i.e. a $930 rental payment at CJL RV Storage) which he had incurred in November 2006. This violation is a Grade C violation.

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation/Pretrial Services Officer
Date: March 6, 2008

*Petition for Warrant or Summons*
*Name of Offender        :        Ronald Lee Phillips*
*Case Number             :        3:03-cr-00078-01 JKS*

THE COURT ORDERS

[  ]    *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition,
        probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and
        disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The
        petition for supervised release revocation is referred to the Magistrate Judge for initial
        appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate
        Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned
        District Court Judge.

        The issuance of a summons. The Petition for Supervised Release revocation is referred to the
        Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any,
        will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be
        before the undersigned District Court Judge.

[X]     Other: (**The Petition for Warrant or Summons for Offender Under Supervised Release,
        filed February 6, 2008 at docket 158 is hereby amended and supplemented as set forth
        above**)

REDACTED SIGNATURE

James K. Singleton
Senior U.S. District Court Judge

3 - 6 - 08

Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge
to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the
Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to
conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was
imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the
defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to
conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court

for the

## DISTRICT OF ALASKA

| | | |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case Number: 3:03-cr-00078-01 JKS |
| | ) | |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| | ) | **AMENDED** |
| | ) | |
| Ronald Lee Phillips | ) | |

I, Eric Odegard, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Ronald Lee Phillips, and in that capacity declare as follows:

On November 13, 2003, the offender was sentenced to 18 months imprisonment and three years supervised release as well as restitution to the U.S. Veteran's Administration (VA) in the amount of $358,809.03 and a special assessment of $200. On December 22, 2003, the Court issued an Amended Judgment. On June 1, 2006, as the result of an appeal, the Court issued a 2nd Amended Judgment, which was the same as earlier judgments in all respects but reduced the restitution to $247,275.57. One of the special conditions of supervised release is that the "defendant **shall provide the probation officer access to any requested financial information**, including authorization to conduct credit checks, and **shall not incur any new debts** or apply for credit without the prior approval of the probation officer." A standard condition of the Court's judgment (numer 2) is that the offender, "shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month." Another standard condition of the Court's judgment (number 3 ) is that the offender "shall answer truthfully all inquiries by the probation officer and shall follow the instructions of the probation officer."

On April 15, 2005, the term of supervised release commenced with a termination date of April 14, 2008. On April 18, 2005, the offender met with U.S. Probation Officer Charlene Wortman, who informed the offender of the conditions of supervised release. That day, the offender signed a copy of the judgment acknowledging that he understood those conditions and had been provided a copy of them.

On September 8, 2006, the offender filed for Chapter 7 bankruptcy in case 06-364 DMD. The Bankruptcy Petition claimed nine vehicles as assets (i.e. older motor homes and busses) on which the offender placed a value of $10,750.

On October 4, 2006, the offender executed a rental agreement with CJL RV Storage (aka Lybergers), 9530 Old Seward Highway, Anchorage, Alaska, and paid $1,275 for seven storage

spaces (i.e. for parking vehicles), which rented those spaces for the offender until May 3, 2007.

In November 2006, the offender filed a Monthly Supervision Report (MSR) for October 2006 with the probation officer pursuant to the standard condition that the offender file a complete and truthful written report with the probation officer within the first five days of the month. On the MSR is a section where the offender is to "list all expenditures over $500 (including, e.g. goods, services, or gambling losses)." The offender did not list the $1,275 rental payment to CJL RV Storage in October 2007.

On November 6, 2006, the offender executed another rental agreement with CJL RV Storage for an additional five spaces for which he paid $930, which rented the spaces until May 5, 2007.

In December 2006, the offender submitted his November 2006 MSR to the probation officer but again did not list the $930 paid to CJL RV Storage as an "expenditure over $500."

On May 30, 2007, the probation officer discovered a Internet web site, operated by the offender, called "Alaska Bus Guy" at www.alaskabusguy.com. The web site advertised "cheap fares for frugal travelers" and listed several prices for transportation to several destinations in Alaska. According to the site, the operating authorities are State of Alaska Business License 74106 (sic), U.S. DOT 821737, and Fairbanks City Business License No. 0741076-1. The offender listed his residence as 205 Orange Leaf Circle, Anchorage, Alaska and P.O. Box 05482, Fairbanks, Alaska. He advertised contact information as: Toll Free 1 888 340-9612; phone Anchorage 907 677-9612; phone Fairbanks 907374-9612; fax (907) 338-2901, and Email ron@alaskabusguy.com.

On May 31, 2007, the probation officer received the offender's MSR report for May 2007 and under the heading "Employment" the offender wrote "None."

On June 1, 2007, the probation officer, after reviewing the May 2007 MSR, spoke to the offender about the web site and the business that he was operating. The offender initially asked how the probation officer had discovered the web site. The probation officer explained that the Internet is public and any information posted thereon could be accessed by anyone. The offender was again asked why he hadn't listed "Alaska Bus Guy" on his monthly report as employment or listed any income from it under the financial section of the report. The offender responded that it was a "hobby" and that he was not making money, as his profits were being eaten up by expenses. He advised that he had made four trips in mid-May, all to Denali National Park, and had made less than $1,000 and all the profits were consumed by gas and oil expenses. The offender advised that he was operating a 1993 Ford Bus and that all his other vehicles were stored at Lyberger's storage lot on Old Seward Highway. The offender stated that he would be operating the business for only four months and that it was "exploratory" in nature in an effort to see if any money could be made. The offender was then instructed to list "Alaska Bus Guy" on future monthly report forms as "self employment" and to record all net income from it's operation on the monthly report form as well. During the conversation, the offender disclosed that he had opened an account at Alaska USA Federal credit Union for the purpose of cashing the checks he received from customers.

On June 30, 2007, the probation office received the offender's Monthly Supervision Report for June 2007.  Under the heading "Employment" the offender wrote, "Self."  Under the heading "position held" the offender wrote, "Volunteer."  The offender listed no income from this "Self" employment anywhere on the report.

On July 5, 2007, the probation officer sent a letter to the offender (copy attached).

On July 6, 2007, the probation officer went to CJL RV Storage lot and confirmed that the offender had rented at least 10 spaces there paying at least $400 per month for storage fees.

On July 16, 2007, the probation officer received a letter from the offender (copy attached).

On August 10, 2007, the probation officer reviewed the offender's July 2007 Monthly Supervision Report and the offender wrote "Self" under the heading "Employment" and "Owner/Operator" under the heading "Position Held."  He listed no income from "Self" employment anywhere on the report.

On September 10, 2007, the probation officer sent another letter to the offender (copy attached).

On September 19, 2007, the probation office received a letter from the offender (copy attached) indicating that the offender was paying for the space rent at Lybergers with a "personal loan," which had been repaid from business income.   The offender had not sought or been given permission by the probation officer to obtain any loan.

On October 5, 2007, the probation officer sent another letter to the offender (copy attached) requesting among other things "documentation as to your 'personal loan" which "Paid for 10 spaces ay Lyberger's..." " for example I want to know from whom you borrowed the money and when and how much was borrowed."

On October 22, 2007, the probation officer received a letter from the offender wherein he states that he paid for the Lyberger storage fee with a loan from Meri Elyn Arnout, who has "made available several incremental loans."  Attached to the offender's letter was a page with handwritten notes regarding the finances of Alaska Bus Guy in 2007, indicating that his gross income was $43,752.92 and his gross net expenses were $43,210.93 for a net income of $547.99. It also lists "outstanding debt as $2,703.99 for a loss of personal income of $2,156.00.

On January 8, 2008, the offender appeared before the Honorable John D. Roberts in a hearing related to his Alaska Permanent Fund Dividend and testified that he had obtained two loans from Meri Elyn Arnout in the amounts of $8,000 and $16,000.  Following the hearing and with the offender's attorney present, the probation officer asked the offender when he obtained the loans to which he had testified (and were previously mentioned in the letter of September 2007) and the offender responded that it was January 2007 and that there was paperwork associated with the loans (i.e. some sort of loan agreement).  When the probation officer pointed out that the offender was prohibited from incurring any new debt without **prior approval of the probation officer**, the offender first told the probation officer, "you knew."  When the probation officer flatly

denied ever giving **prior approval for the offender to incur debt** in January 2007, the offender then, again in the presence of his attorney, characterized the loans as "gifts" which he could pay back or not. At that point, with the offender's attorney present, the probation officer instructed the offender to provide the probation officer copies of all the documentation as to Alaska Bus Guy's income and expenses in 2007 to substantiate the income and expense figures he had previously submitted, a copy of the loan agreement between he and Meri Elyn Arnout which he used to rent the Lybergers spaces, and a list of the items currently in storage at Lybergers no later than February 1, 2008. The offender advised that he did not want to provide the probation officer original documents and was then advised by the probation officer that copies would suffice.

On January 16, 2008, the probation officer sought a Court Order permitting the probation officer to inspect the items, owned by the offender, stored CJL RV Storage, which order was signed on January 23, 2008 (see Docket 154).

On January 28, 2008, the probation officer went to CJL RV Storage and presented the aforementioned Court Order. The probation officer was informed that the subject was renting 12 spaces on the Lyberger's lot (i.e. RV 20, 60, 62, 68, 84, 85, 141, 187, 206, 231, 322, and 323) at a cost of $35 per month each (i.e. $420 for all per month) and was provided copies of the initial rental agreements. The earliest date on the rental agreements was October 2006. The last payments made by the offender were in December 2007 and in January 2008 which paid for all 12 spaces for another six-month period. The spaces were inspected and contained 11 vehicles (space RV 20 was empty), which were primarily busses and some trucks. Photographs were taken of all the stored vehicles and are maintained in the probation officer's file. The probation officer then traveled to 205 Orange Leaf Circle and noted the following additional vehicles: a 1993 Red Ford Van (Alaska License plate EHU 883, which is the vehicle which was used in the Alaska Bus Guy business in the summer of 2007); a 1983 Orange Chevy Pickup (Alaska License Plate 5056CU); and a Fifth Wheel Trailer (make, model, and ownership unknown). Some of the vehicles at the Lybergers Storage Lot were listed on a 2006 Bankruptcy Petition filed in the offender in case 06-364 DMD. As stated earlier, the offender valued these vehicles at $10,750 in the Bankruptcy Petition.

At no time during the period of supervision did the offender ask for or was given permission to incur debt in the form of a loan from anyone. Additionally, as of February 1, 2008, the offender had not followed the previous instruction of the probation and had not provided the documentation (copies of checks or other instruments for income and receipts for expenses) regarding the income and expenses for Alaska Bus Guy from 2007, the loan agreement between he and Meri Elyn Arnout, or the list of items in storage at Lybergers in Anchorage.

On February 8, 2008, the offender sent by facsimile a 22-page document to the U.S. Probation Office. It contained a "Promisory Note," dated August 30, 2007 between he and Meri Elyn Arnout in the amount of $7,409.83, along with a payment schedule for the note. The document also contained a listing of items parked at Lyberger's storage, a 2007 Alaska Bus Guy "Profit and Loss summary" showing net income of -$5,587.75 and a 2007 Alaska Bus Guy "Profit and Loss detail report," where the income and expenses for Alaska Bus Guy are

detailed and show a gross income of $41,322 and expenses of $46,909.75 for a net income of - $5,587.75. Finally, the document contained a report entitled "Alaska Bus Guy" and "Register 200 Note Payable Meri-Elyn Arnout." No documentation of the income and expenses set forth in the Profit and Loss detail report were included with this document. No documentation was received indicating that the offender had obtained a loan in January 2007 as he had stated on January 8, 2008.

On February 14, 2008, the offender hand delivered to the U.S. Probation Office a brown envelope containing numerous receipts and invoices purporting to be the documentation of the income and expenses of Alaska Bus Guy in 2007. The probation officer examined each and every document and compared it with the "Profit and Loss detail report" submitted by the offender and noted the following in a report to the probation file.

> On January 8, 2008, the offender was instructed to provide to the probation officer all of the records of the income and expenses for Alaska Bus Guy[1] to verify the figures that had previously been submitted to the probation officer in October 2007 as an attachment to a letter to the probation officer. As part of that letter the offender attached a handwritten sheet indicating that the 2007 income of Alaska Bus Guy was $43,752.92 and that expenses were $43,210.93. The offender was also instructed to submit a copy of a loan agreement between he and Meri Elyn Arnout, and a complete inventory of the items he is storing at CJL RV Storage (Lyberger's) on Old Seward Highway.

> On February 8, 2008, the offender sent a document via facsimile to the probation officer which had attached a promissary note between he and Meri Elyn Arnout with a payment schedule on the note, a list of items stored at CJV (sic) Storage, a 2007 Profit and Loss Summary and Detail for Alaska Bus Guy, and a "Register 200 - Note Payable Meri-Elyn Arnout." The facsimile cover sheet contained the statement that "all information is current but not reconciled. For information only." The Profit and Loss Summary indicated total income of $41,322 and expenses of $46,909.75 for a net loss of $5,587.75. **These figures are different than the figures provided by the offender in a handwritten note in October 2007.**

> On February 14, 2008, the offender submitted an envelope containing copies of receipts regarding the expenses of Alaska Bus Guy. The probation officer has checked each and every receipt submitted by the offender against the 2007 Profit and Loss Detail document and found the following.

> 1) No documentation was submitted whatever to establish the income figure submitted by the offender other than one $130 cancelled check payable to Alaska Bus Guy. The Profit and Loss detail report lists payments from 43 customers in

---

[1] On June 1, 2007, the offender informed the probation officer that his business (i.e. Alaska Bus Guy) was operating for **only four months (i.e. May, June, July, and August 2007)**, that he was using a 1993 Ford Bus only, and that he had taken only four fares since the middle of May and that he had made no money as gas and oil expenses had not allowed for any profits.

May 2007 totaling $3,322 in income.

2)   No detail (or documentation) was provided in the Profit and Loss detail report for any income after May 2007, other than an entry for a $38,000 lump sum deposit on September 30, 2007, despite the previous instruction of the probation officer regarding the submission of documentation of income.

3)   In the Profit and Loss detail report in the section entitled, "Fuel - Diesel," the offender "double entered" 14 receipts. The total diesel costs are claimed at $3,310.21 but when the 14 "double entered" receipts are subtracted, the diesel expenses are only $2,527.01 a difference of $783.20. In the "Fuel - Gas" section, there are seven such double entries thereby artificially increasing the gas expenses by $312.70.

4)   Between the months of February and May the offender entered expenses for fuel (gas) prior to the commencement of his business activities (i.e. driving for paying customers). For example the offender claims "Fuel - Gas" expenses of $1,076.26 before May 1, 2007, when he claimed to begin operating the business.

5)   In the Profit and Loss detail report in a section entitled, "Fuel - Other", the offender claims $632 in fuel expenses (between March 24 and May 17, 2007) but provides no receipts to verify those expenses.

6)   The fuel expense receipts show at least two instances where the offender purchased "pre-paid" gas cards (i.e. $300) and then claimed the expense when he purchased the card and again when he used the card to purchase gas thereby double counting the expense.

7)   In the Profit and Loss detail report in a section entitled "Misc." the offender failed to provide receipts for $411.22 in expenses out of a total of $841.09 claimed and entered others which are clearly not business related expenses such as the purchase of a "cuttlebone" for a bird from Alaska Mill and Feed.

8)   In the Profit and Loss detail report in a section entitled "Office," the offender failed to provide receipts for $1,236.12 in listed expenses and double counted $197.50 in expenses out of total of $3,133.76. In one receipt ($117.31) the offender claims a questionable expense for books on paper airplanes and origami from Barnes and Noble.

9)   In the Profit and Loss detail report in a section entitled "Meals," the offender claims $37.11 in meals in January and February 2007, months before the commencement of the business. The "Meals" section also included $11.83 in double-counted receipts, $41.97 in receipts for beer, $61.15 for "company Christmas party" w/beer, and $13 in movie tickets in December 2007. Also several of the "Meals" receipts were for normal grocery purchases such as corned

beef and cabbage, corned flakes and milk, and bulk seafood.

10)   In the Profit and Loss detail report in a section entitled "Repair and Maintenance,"
the offender claims a total of $16,752.48 in expenses and has several expenditures
of over $1,000 (none of which are listed on his Monthly Supervision Report
where he is directed to list monthly expenditures of over $500.)  Receipts are
submitted for at least five different vehicles (e.g. a 1976 Coachman motorhome,
1993 Ford Bus, 1983 Chevrolet Truck, 1986 Ford Bus, and 1987 Itasca
Motorhome)[2].  Four different vehicle batteries are listed as expenses.  In this
section, the offender has double-counted $1,298.15 in receipts and has not
provided receipts for $2,828.39 in listed expenses.

11)   In the Profit and Loss detail report in a section entitled, "Advertising," the
offender fails to provide receipts for $695.51 in expenses and double counts
$1,020 in advertising expenses.

12)   In the Profit and Loss detail report in a section entitled "Insurance," the offender
claims expenses of $1,392.71, but provides only two receipts.  On is for $34 and
provides insurance for the 1976 Coachman Motorhome (claimed as a Domicile in
his 2006 Bankruptcy Petition) and the other is for $535.45 and is for an unknown
vehicle but displays the name Meri Elyn Arnout.  No other receipts are provided.

13)   In the Profit and Loss detail report in a section entitled "Storage Rent," the
offender provides no receipts for the $3,785 in claimed expenses but submitted
handwritten notes detailing his payments to Meri Elyn Arount.  The probation
officer has obtained the rental agreement from CJL RV Storage and has verified
the expense; however, the offender testified that he was paying for it with a loan,
which was not approved by the probation officer.

14)   In the Profit and Loss detail report in a section entitled "Utilities," the offender
claims a $59.13 expense at Suburban Propane in Fairbanks on February 21, 2007,
which appears to be completely unrelated to the operation of Alaska Bus Guy.

15)   In the Profit and Loss detail report in sections entitled, "Memberships and Dues,"
"Tax and License," Professional Fees," "Lodging," and "Communication," the
offender failed to submit receipts for $1,059.80 in expenses.  The offender did
submit a $5 receipt for a DMV charge for a 1973 CHLL, which appears to be
unrelated to the business and a $300 receipt for a payment to Meredith Ahern for
"legal fees."

---

[2] In the offender's web site, www.alaskabusguy.com, the offender states, "I have only two busses available
for Anchorage-Denali-Fairbanks service."  The web site also states that, " I have bugun the convertion of the diesel
busses to B99 bio-diesel or 100% WVO (waste vegetable oil).  My savings in fuel costs allows us to ensure our fleet
maintenance remains at the highest levels and still provide for competitive fares.  This WVO operation allows me to
provide transportation service that is reliable, aggressive and competitively priced."

In summary, it appears that the offender has failed to provide receipts for business expenses, has "double counted" business expenses, and has claimed questionable business expenses of at least $16,000, and there are many other expenses that have corresponding receipts that the probation officer does not believe are related to the operation of Alaska Bus Guy.  It appears to the probation officer that, if the reported income was $41,322 (although no documentation has been provided as directed), the offender may have made approximately $10,000 in profit rather than losing over $5,000.

Executed this 6th day of March, 2008, at Anchorage, Alaska, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Eric Odegard
U.S. Probation Officer

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**
PROBATION AND PRETRIAL SERVICES OFFICE
*EXCELLENCE IN PROBATION SERVICES*

JOSHUA M. WYNE, Chief
U.S. Probation/Pretrial Services Officer

**REPLY REQUESTED TO**

&#9642; ANCHORAGE
□ FAIRBANKS

July 5, 2007

FEDERAL BUILDING
& U.S. COURTHOUSE
222 WEST 7TH AVENUE, #48
ANCHORAGE, AK 99513-7562
(907) 271-5492, Fax 271-3060

FEDERAL BUILDING
& U.S. COURTHOUSE
101 12TH AVENUE, BOX NO. 3
FAIRBANKS, ALASKA 99701-6281
(907) 456-0266, Fax 456-0293

Ronald Lee Phillips
205 Orange Leaf Circle
Anchorage, Alaska 99504

**RE:  June Monthly Supervision Report**

Dear Mr. Phillips:

I received your June 2007 Monthly Supervision Report and have some additional questions.

1. Doing business as Alaska Bus Guy, how many trips with paying passengers did you transport in June 2007?  How many total passengers were transported in June 2007 by Alaska Bus Guy?

2. How much money was received by Alaska Bus Guy from those passengers in June 2007?

3. What where the total expenses for Alaska Bus Guy in June 2007?

4. When do you anticipate moving from 205 Orange Leaf Circle?

5. What are your monthly expenses for storage at Lybergers?

Please respond in writing.  Thank you for your cooperation.


Sincerely,

# REDACTED SIGNATURE

Eric D. Odegard
U.S. Probation Officer


EDO:edo

Eric D. Odegard
Federal Building
222 W. 7th Ave. #48
Anchorage, AK 99513

July 14, 2007

Update to May/June 07 Monthly Supervision Report.

1-3) I have been on a charter since June 30th. Charter will end July 19th. I have not been able to compile the June INCOME / EXPENSES report. Will work on June and July after July 19th.

Included is the May 2007 preliminary INCOME /EXPENSE REPORT.

4) Uncertain. I am on a month-to-month lease. Will inform you when any change occurs.

5) Lyberger storage is about $40 per month, per space.


Sincerely,


Ron Phillips

c.c. Meredith Ahearn, atty.

2007 JUL 16 AM 6: 37

Anchorage, Alaska
US Probation PTS

2007 May INCOME

| May | | An-DNP | An-Fbks | DNP-Fbks | Fbks-DNP | DNP-Anch |
|-----|------|--------|---------|----------|----------|----------|
| 1 | Lei (rt) | 125 | | | | |
| 2 | Gates | 57 | | | | |
| 2 | Mitchel (4) | | 260 | | | |
| 8 | Wasrnewski | 55 | | | | |
| 8 | McNalley | 87 | | | | |
| 8 | Perce | 40 | | | | |
| 8 | Lopez | 40 | | | | |
| 10 | Slavko (2) | 175 | | | | |
| 15 | Lukdsz | 40 | | | | |
| 15 | Knutzson (2) | 114 | | | | |
| 15 | Delgadillo | 40 | | | | |
| 15 | Chappy | 40 | | | | |
| 15 | Randell | 40 | | | | |
| 15 | Kilinski | 40 | | | | |
| 16 | Williams | 109 | | | | |
| 16 | Ferad (5) | 200 | | | | |
| 17 | Knutzn (2) | 114 | | | | |
| 17 | Barrett | 42 | | | | |
| 20 | Machemf | 75 | | | | |
| 20 | Ann Marie | | | 95 | | |
| 20 | Rich | 43 | | | | |
| 21 | Bradley (2) | | | | | 114 |
| 21 | McClarin | 42 | | | | |
| 25 | Ciblic (5) | 275 | | | | |
| 25 | O'Niell | 65 | | | | |
| 25 | Ryan | 40 | | | | |
| 25 | Schwing | 40 | | | | |
| 25 | Lindia | 40 | | | | |
| 25 | Salch | 40 | | | | |
| | McNalley | | 87 | | | |
| 26 | Wilson | 62 | | | | |
| 26 | Tara | 62 | | | | |
| 29 | Drake | 55 | | | | |
| 29 | Moodie | 30 | | | | |
| 30 | Richie | 50 | | | | 80 |
| 30 | Newman | 50 | | | | |
| 31 | Stone | 47 | | | | |
| 31 | Ford | 47 | | | | |
| 31 | Marchant (2) | 120 | | | | |
| 31 | Katz | 55 | | | | |
| 31 | Victonici | 45 | | | | |
| 31 | SerGay | 45 | | | | |
| | | 2686 | 347 | 95 | | 194 |

60 paid fares received

|  |  |
|--|--|
| | 3,322.00 |
| EXPENSES April/May | 2699.04 |
| Carried foward to June expenses | **$622.96** |

EXPENSES: May 2007

Page 1a

| | Provider | Fuel | Parts | Misc | Office | Meals | Repairs |
|---|---|---|---|---|---|---|---|
| p. 1 | | 793.58 | | 149.45 | | 12 | 115.1 |
| May | | | | | | | |
| 2 | Tesoro | 75 | | | | | |
| 4 | Sams | | | 7.53 | | | |
| 5 | FM | 75 | | | | | |
| 7 | FM | 16.54 | | | | | |
| 8 | FM | 75 | | | | | |
| 11 | Ford | | | | | | 540 |
| 10 | FM | 30 | | | | | |
| 12 | Home Depot | | | 80.07 | | | |
| 13 | WalMart | | | 48.96 | | | |
| 15 | FN | 67.37 | | | | | |
| 19 | WalMart | | | 45.94 | | | |
| 19 | Sears | | | 88.98 | | | |
| 20 | FM | 75.01 | | | | | |
| 20 | FM | 21.95 | | | | | |
| 21 | FM | 14.98 | | | | | |
| 22 | COSTCO | | | | | 10.88 | |
| 24 | FM | 75 | | | | | |
| 24 | FM | 15.02 | | | | | |
| 25 | Fred Meyer | 75 | | | | | |
| 27 | FM | 75 | | | | | |
| 27 | Home Depot | | | 43.2 | | | |
| 29 | Carrs | 72.48 | | | | | |
| | | 1556.93 | | 464.13 | | 22.88 | 655.1 |
| | | | | | | | 2699.04 |

UNITED STATES DISTRICT COURT

PROBATION AND PRETRIAL SERVICES OFI
*EXCELLENCE IN PROBATION SERVICES*

JOSHUA M. WYNE, Chief
U.S. Probation/Pretrial Services Officer

**REPLY REQUESTED TO**

☒ **ANCHORAGE**
☐ **FAIRBANKS**

July 5, 2007

FEDERAL BUILDING
& U.S. COURTHOUSE
222 WEST 7TH AVENUE, #48
ANCHORAGE, AK 99513-7562
(907) 271-5492, Fax 271-3060

FEDERAL BUILDING
& U.S. COURTHOUSE
101 12TH AVENUE, BOX NO. 3
FAIRBANKS, ALASKA 99701-6281
(907) 456-0266, Fax 456-0293

Ronald Lee Phillips
205 Orange Leaf Circle
Anchorage, Alaska 99504

**RE: June Monthly Supervision Report**

Dear Mr. Phillips:

I received your June 2007 Monthly Supervision Report and have some additional questions.

1. Doing business as Alaska Bus Guy, how many trips with paying passengers did you transport in June 2007? How many total passengers were transported in June 2007 by Alaska Bus Guy?

2. How much money was received by Alaska Bus Guy from those passengers in June 2007?

3. What where the total expenses for Alaska Bus Guy in June 2007?

4. When do you anticipate moving from 205 Orange Leaf Circle?

5. What are your monthly expenses for storage at Lybergers?

Please respond in writing. Thank you for your cooperation.

Sincerely,

# REDACTED SIGNATURE

Eric D. Odegard
U.S. Probation Officer

EDO:edo

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**
PROBATION AND PRETRIAL SERVICES OFFICE
*EXCELLENCE IN PROBATION SERVICES*

JOSHUA M. WYNE, Chief
U.S. Probation/Pretrial Services Officer

**REPLY REQUESTED TO**

     ☒ ANCHORAGE
     ☐ FAIRBANKS

September 10, 2007

FEDERAL BUILDING
& U.S. COURTHOUSE
222 WEST 7TH AVENUE, #48
ANCHORAGE, AK 99513-7562
(907) 271-5492, Fax 271-3060

FEDERAL BUILDING
& U.S. COURTHOUSE
101 12TH AVENUE, BOX NO. 3
FAIRBANKS, ALASKA 99701-6281
(907) 456-0266, Fax 456-0293

Ronald Lee Phillips
205 Orange Leaf Circle
Anchorage, Alaska 99504

**RE:  Alaska Bus Guy**

Dear Mr. Phillips:

I received your August 2007 Monthly Supervision Report and have some additional questions about July and August 2007.

1.  Doing business as Alaska Bus Guy, what was your gross receipts, total expenses, and net profit in July and August 2007.

2.  When do you anticipate moving from 205 Orange Leaf Circle?

3.  How many spaces are you renting at Lybergers and how long have you been doing so?

Please respond in writing.  Thank you for your cooperation.


Sincerely,

# REDACTED SIGNATURE

Eric D. Odegard
U.S. Probation Officer


EDO:edo

US Probation PTS
Anchorage, Alaska

Ronald Phillips
205 Orangeleaf Circle
Anchorage, AK 99504

2007 SEP 19  AM 8: 10

United States Probation
Federal Building
222 W. 7thy Ave. #48
Anchor4age, AK 99513-3060

9/18/07

Attn: Eric Odegard, Probation Officer

To the best of my accounting ability I show the following July/August 2007 Income/Expenses.

1.

| July Income: | 13,498.96 |
| July Expenses: | 13,261.66 |

Income exceed expenses:  $237.30

| August Income: | 10,765.00 |
| August Expenses:9 | 9,605.64 |
| Expenses exceed income: | $1,159.36 |

| July/August Income: | 24,263.96 |
| July/August Expenses: | 22,867.30 |
| Gross | $ 1,396.66 |

This remaining income is dedicated for upcoming storage payment.
No business income has been taken for personal income purposes. There remain business/vehicle expenses that are scheduled for next year when additional income becomes available.

2.
Moving date uncertain. On 30 day notice lease. Will inform you when I receive notice.

3.
Paid for 10 spaces at Lyberger's with a personal loan. The loan has been repaid from business income.

Sincerely,

Ronald Phillips

c.c. Meredith Ahearn, attorney

UNITED STATES DISTRICT COURT
**DISTRICT OF ALASKA**
PROBATION AND PRETRIAL SERVICES OFFICE
*EXCELLENCE IN PROBATION SERVICES*

JOSHUA M. WYNE, Chief
U.S. Probation/Pretrial Services Officer

**REPLY REQUESTED TO**

☒ ANCHORAGE
☐ FAIRBANKS

October 5, 2007

FEDERAL BUILDING
& U.S. COURTHOUSE
222 WEST 7TH AVENUE, #48
ANCHORAGE, AK 99513-7562
(907) 271-5492, Fax 271-3060

FEDERAL BUILDING
& U.S. COURTHOUSE
101 12TH AVENUE, BOX NO. 3
FAIRBANKS, ALASKA 99701-6281
(907) 456-0266, Fax 456-0293

Ronald Lee Phillips
205 Orange Leaf Circle
Anchorage, Alaska 99504

**RE:  Alaska Bus Guy**

Dear Mr. Phillips:

I received your letter of September 18, 2007.  Thank you.

Regarding your Income and Expenses for your business "Alaska Bus Guy," please send me copies of your business records, which establish your income (e.g. copies of checks or other forms of payments by customers including the $15,000 payment by An-Chi Hwang) and expenses (e.g. receipts for gas, maintenance, etc.) for June, July, August and September 2007.  Also send me copies of your monthly bank statements (i.e. June, July, August, and September 2007) for the bank account(s) you are using to operate that business.

As always please keep me informed if you move from your current address and provide me a copy of the "month to month lease."

Finally, based on your having ten spaces at Lybergers at $40 per month I calculate your monthly storage bill there at $400 per month.  Please provide me a copy of your rental agreement with Lybergers and documentation as to your "personal loan" which "Paid for 10 spaces at Lyberger's…"   For example I want to know from whom you borrowed the money and when and how much was borrowed.  Also send me a detailed description of the items stored at Lybergers.

Please respond in writing and include the requested documents.  Thank you for your cooperation.

Sincerely,

# REDACTED SIGNATURE

Eric D. Odegard
U.S. Probation Officer

EDO:edo

cc: Meredith Ahern, Attorney
    Retta-Rae Randell, Assistant U.S. Attorney

US Probation PT:
Anchorage, Alask.

2007 OCT 22 PM 3: 3

Ronald Phillips
205 Orangeleaf Circle
Anchorage, AK 99504

10/16/07

Probation & Pretrial Services Office
333 W. 7th Ave. #48
Anchorage, AK 99513-7562

Attn: Eric Odegard, Probation Officer

Dear Sir
Attached is a summary Balance Sheet for Alaska Bus Guy 2007, and a copy of my month-to-month lease.

I have an appointment with Anne Seeley (Anne's Bookkeeping Service: 563 9058) on October 26, 2007 to formalize my business Income and Expenses.  Anne will help to set-up the bookkeeping for the business. It will be several weeks after our October meeting before the more complete accounting can be provided.

The attached Summary Balance Sheet provides accounting of the An-Chi Hwang tour. However, the full payment for that tour was not $15,000 but $14,800. I would not reduce the tour pricing to $10,000 as they requested and An-Chi made a complaint that he was being overcharged.

My pricing for the An-Chi group was offered more than 30 days prior to the start date of the tour. They deposited $7,500 in my account in August and were supposed to pay the balance upon arrival September 2nd. I was forced to call the State Troopers and report a refusal to pay against An-Chi before he would pay any part of the balance due. This upset him. The contract was for the balance to be paid upon arrival and I was not paid any of the balance for three days, then only $1,700 which was deposited (in that amount) in the bank account. Not until the last day of the tour did I finally receive payment and then only after I agreed to reduce the payment by $200. This was a attempted shake-down by An-Chi. A tactic I observed him repeatedly use on other vendors: i.e. motel, restaurants. My refusal to reduce the tour fee to $10,000 prompted him to make a complaint against me. You can verify this through Meredith Ahearn. The $4,800 balance was part of a $6,000 deposit I made in September.

Income and expense payments are presented in the Summary Balance Sheet and the $43,752.92 Gross Income.

As to the Lyberger storage: I have vehicles of the same model and make that I had from my other business. These vehicles are intended for future service (if they can be repaired) and/or parts required to put a vehicle into service.  The approximate $12,000 in vehicle repairs and the $2,236.47 in parts went to make serviceable the vehicle I used.

The Lyberger storage fee was paid for with a loan from Meri Elyn.  Meri Elyn Arnout has made available several incremental loans.  I have repaid her $8,000 this season and still owe her more than $2,500.

I will provide a final accounting and a copy of my 2007 income tax  when completed..

Thanks,

Ronald Phillips

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
PROBATION AND PRETRIAL SERVICES OFFICE

JOSHUA M. WYNE, Chief
U.S. Probation/Pretrial Services Officer

REPLY REQUESTED TO

☒ ANCHORAGE
☐ FAIRBANKS

October 5, 2007

FEDERAL BUILDING
& U.S. COURTHOUSE
222 WEST 7TH AVENUE, #48
ANCHORAGE, AK 99513-7562
(907) 271-5492, Fax 271-3060

FEDERAL BUILDING
& U.S. COURTHOUSE
101 12TH AVENUE, BOX NO. 3
FAIRBANKS, ALASKA 99701-6281
(907) 456-0266, Fax 456-0293

Ronald Lee Phillips
205 Orange Leaf Circle
Anchorage, Alaska 99504

RE:  Alaska Bus Guy

Dear Mr. Phillips:

I received your letter of September 18, 2007.  Thank you.

Regarding your Income and Expenses for your business "Alaska Bus Guy," please send me copies of your business records, which establish your income (e.g. copies of checks or other forms of payments by customers including the $15,000 payment by An-Chi Hwang) and expenses (e.g. receipts for gas, maintenance, etc.) for June, July, August and September 2007.  Also send me copies of your monthly bank statements (i.e. June, July, August, and September 2007) for the bank account(s) you are using to operate that business.

As always please keep me informed if you move from your current address and provide me a copy of the "month to month lease."

Finally, based on your having ten spaces at Lybergers at $40 per month I calculate your monthly storage bill there at $400 per month.  Please provide me a copy of your rental agreement with Lybergers and documentation as to your "personal loan" which "Paid for 10 spaces at Lyberger's..."  For example I want to know from whom you borrowed the money and when and how much was borrowed.  Also send me a detailed description of the items stored at Lybergers.

Please respond in writing and include the requested documents.  Thank you for your cooperation.

Sincerely,

**REDACTED SIGNATURE**

Eric D. Odegard
U.S. Probation Officer

EDO:edo

cc: Meredith Ahern, Attorney
    Retta-Rae Randell, Assistant U.S. Attorney

Income

| | |
|---|---|
| Jan | Ø |
| Feb | Ø |
| Mar | Ø |
| Apr | Ø |
| May | Ø |

| | | |
|---|---|---|
| June/July | 12,493.96 | |
| Aug | 25,558.96 | |
| Sept | 7,700.— | 43,752.92 |

Expenses

| | Fuel | Parts | Office | Repairs | Insurance | Fees | Adv. | Storage | Gross | Business Debt |
|---|---|---|---|---|---|---|---|---|---|---|
| Jan | 98.01 | | 190 | | 1150 | 150.— | 892 | 3300 | 5,708.01 | 5,708.01 |
| Feb | 253.36 | | 374.13 | | | 250.— | 715.— | | 1,592.49 | 1,592.49 |
| Mar | 49.— | | 54.15 | 122— | | 250.— | | | 225.15 | 225.15 |
| Apr | 85.03 | 400.— | 125.17 | 677.54 | | 275.— | 665.— | | 1,550.20 | 1,550.20 |
| May | 100.— | 470.67 | 80893 | 4826.24 | | 275.— | | | 2,828.14 | 2,828.14 |
| June/July | 5,874.40 | 2757.70 | 16555 | 6738.21 | 588.— | | | 3300.— | 12,956.81 | |
| Aug | 1,756.60 | 2236.47 | 1839.46 | | | | | | 12,540.98 | |
| | | 1187.27 | | | | | | | 6,187.27 | |
| | | | | | | | | | 43,210.83 | |

Business Debt

| | |
|---|---|
| Jan | 5,708.01 |
| Feb | 1,592.49 |
| Mar | 225.15 |
| Apr | 1,550.20 |
| May | 2,828.14 |
| June | |
| July | |
| Aug | |
| Sept | |

| | |
|---|---|
| Gross Income | 43,752.92 |
| Gross Net Exp | 43,210.93 |
| | 547.99 |
| Outstanding Debt | ( 2,703.99 ) |
| Personal Income | < 2,156.00 > LOSS |

| | | |
|---|---|---|
| | 11,903.99 | 11,903.99 |
| Debt 8/1 | -2,200.— | 8,703.99 |
| Storage 9/1 | -6,000.— | 2,703.99 |

Debt Balance   2,703.99

John
Conner
6013
269

RECEIVED
OCT 2 0 2006

RECEIVED
. . . 2006

RECEIVED
. . . 2006

# Dwelling Lease Agreement

This Agreement made this __30__ day of __Sept__, 20_06_, is entered into between Meri-Elyn Arnout, (hereafter called "Lessor") and Ronald Phillips (hereafter called "Lessee").

In consideration of the mutual covenants contained herein and other valuable considerations, Lessor and Lessee mutually agree to as follows:

1. PREMISES. Lessor shall lease unto the Lessee a room at the premises known as 205 Orange Leaf Circle, anchorage, AK 99504. Lessee shall have shared access to kitchen, bath, living room and laundry facilities.

2. TERM OF AGREEMENT. This agreement shall be month-to-month beginning on October 1, 2006 and continue on a month-to-month basis thereafter.

3. RENT. Rent for the room and use of the common area(s) shall be $ 500.00 per month, payable in advance on or before the first day of each month with out demand or notice. A penalty of Ten Dollars ($10.00) per day, fifty dollars ($50.00) maximum, will be assessed if the rent remains unpaid after the close of business on the fifth (5th) day of the month.

4. SECURITY DEPOSIT. The Lessor has deposited $ 300.00 *carried forward* as a security for the rental unit, receipt of which is hereby acknowledged. Lessor will be responsible for the deposit for the term of the agreement and shall promptly return the unused portion of the deposit within fourteen (14) days of the Lessee vacating the premises.

5. PETS. No Pets.

6. UTILITIES. Lessee is required to provide for the following utilities: propane for portable space heater, if needed, and as utilized by the Lessee.

7. OCCUPANCY. Lessee shall report any anticipated changes in occupancy to the Lessor, for approval, as soon as possible after Lessee is aware of such changes.

8. ENTRY OF PREMISES: Lessee may not reasonable withhold consent of entry to the premises from the Lessor, their agents, employees or representatives in order to inspect, make necessary or agreed repairs & services or exhibit the dwelling to prospective purchasers, Lessee, workmen or contractors. Entry shall be made during reasonable hours and after written notification of no less than 24 hours (A. S. 34.03.140). Lessor may enter the dwelling at anytime without advance notice or consent of the Lessee in the event of an emergency.

9. VEHICLES/PARKING. Lessee and or guest shall park their vehicles(s) in an appropriate manner only in areas designated for Parking.

1

10. ACCIDENTS AND PERSONAL INJURIES.  The LESSOR shall not be liable for any loss or damage to person or property in or around the premises or by reason of fire, theft, leakage, bursting water lines and pipes, overflow of drains or for any other cause, whether damage be suffered by the LESSOR, their family, agents, guests, or any other person.  The Lessee shall indemnify and hold harmless the Lessor from such liability except as provided by for Alaska State Law.

11. PERSONAL PROPERTY.  The Lessor does not insure personal property of the Lessee.

12. TERMINATION OF TENANCY.  The Lessee herby acknowledge their obligation to pay rent for the full term of the agreement as stated in paragraph two (2) above.  On month-to-month tenancies, early termination of lease or at the termination of the Agreement Lessee is obligated to furnish a THRITY DAY, (ONE RENTAL PEROID), WRITTEN notice to the Lessor stating their intention to terminate the Agreement and vacate the premises.

13. ADDITIONAL TERMS AND CONDITIONS.   Lessor reserves the right to add additional terms, obligations or conditions to lease agreement when required or necessary.

14. REPRESENTATIONS AND WAIVERS.   This Agreement evidences the entire agreement between the Lessor and Lessee and no modification hereof shall be vailid unless in writing and signed by the Lessor.

IN WITNESS WHEREOF, Lessor and Lessee have executed this agreement on the last day of September and year of 2006.

_(Meri-Elyn Arnout) LESSOR    Date_
(907) 384 2426 (work)

_(Ronald Phillips) LESSEE    Date_
(907) 338 2901 (message)

Page 2 of 2

2